## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): 3:17-CV-2031 (VAB)    Caption [use short title]

Motion for:

Nature of Appeal

DOE v. PAYCHEX

Set forth below precise, complete statement of relief sought:

Please grant the Plaintiff-Appellate's

Motion to Recall the Mandate and reinstate the

Appeal.

FEB 5 2020 PM2:10
FILED - USDC - DPT - CT

MOVING PARTY: JANE DOE

☑ Plaintiff     ☐ Defendant
☐ Appellant/Petitioner     ☐ Appellee/Respondent

OPPOSING PARTY: PAYCHEX

MOVING ATTORNEY: JANE DOE

OPPOSING ATTORNEY: Marc Zaken

[name of attorney, with firm, address, phone number and e-mail]

Jane Doe

PO BOX 8011

Stamford, CT 06905

Ogletree Deakins

Two Stamford Plaza

281 Tressor Blvd. Stamford, CT 06901

Court-Judge/Agency appealed from: Judge Victor Bolden

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?     ☐ Yes ☐ No
Has this relief been previously sought in this Court?     ☐ Yes ☑ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?     ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?     ☐ Yes ☐ No If yes, enter date: _____

Signature of Moving Attorney:
_____ Date: 1/31/2020     Service by: ☐ CM/ECF     ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# DOCKET NO: #3:17-CV-2031 (VAB)

## UNITED STATES COURTS OF APPEALS
## FOR THE SECOND CIRCUIT

JANE DOE

Plaintiff-Appellant,

v.

PAYCHEX INC., USI INSURANCE SERVICES of CONNECTICUT INC.
And
USI INSURANCE SERVICES LLC

Defendant-Appellee(s)

On Appeal from the United States District Court
for the District of Connecticut

## NATURE OF APPEAL

## NATURE OF APPEAL

The Plaintiff-Appellate, ("Jane Doe") hereby submits the nature of the above appeal from the Order and Ruling on Pending Motions (Dkt.#102 District Court) that was decided on the 15th of January. This is an Interlocutory Appeal from final decision on the Plaintiff-Appellant's causes of action brought against Defendant-Appellees ("Paychex Inc., USI Insurance Services LLC and USI Insurance Services of Connecticut Inc." herein Paychex and USI.

The Plaintiff-Appellate previously submitted an Interlocutory Appeal, Docket #19-1760 to the above case on the 5th of June 2019. The Plaintiff-Appellant's appeal was mandated back to the United States District Court of Connecticut, ("District Court") on the 27th of December for final decision. The District Court entered final judgement on the 15th of January 2020.

### I.   BREIF SUMMARY

The above cause of action evolved out of a claim for employment Discrimination. The Plaintiff-Appellant's mission has always been to create positive change through collective action. That when one unites one is stronger. The Plaintiff-Appellant's mission does not only apply to the workplace. The Plaintiff-Appellant is thankful for the support that she has received. The mission is larger than the case. The Plaintiff-Appellant's hope is that regardless of the specifics of any one case of litigation, no one is intimated to speak up, pursue litigation if necessary, and not be afraid to ask for change.

Plaintiff-Appellant began her employment with the Defendant-Appellees, on or about the January 5th, 2015. During the Plaintiff-Appellant's employment with the Defendant-Appellees, she was discriminated against, harassed and was exposed to an unsafe and hostile work

environment. The Plaintiff-Appellant made several formal complaints to management and human resources before ultimately being terminated on July 24th, 2015. The Plaintiff-Appellant's termination was in retaliation for protected speech, complaints of discrimination and hostile work environment, as well as ethic complaints about activity that could pose harm to the public.

The manager that made the decision to terminate the Plaintiff-Appellant subsequently had his insurance license revoked, for fabricating documentation, or fraud. This is an activity that could pose harm to the public; hence the Plaintiff-Appellant's warnings to the Defendant-Appellees were justified. The manager also continued to demonstrate discriminatory animus towards females after the Plaintiff-Appellant's termination.

There was a joint decision to terminate the Plaintiff-Appellant by the Defendant-Appellees. Defendant-Appellee Paychex employed counsel of Defendant-Appellee USI. The Plaintiff-Appellant at the time of termination from Defendant-Appellee Paychex was in pending litigation with Defendant-Appellee USI.

The Plaintiff-Appellant to this day is continuing to experience retaliation from the Defendant-Appellants. As a direct result of the Defendant-Appellees' gross negligence, malice, and willful disregard of the Plaintiff-Appellant rights, the Plaintiff-Appellant has incurred significant damages. The Defendant-Appellees were extreme in their intentions and were beyond negligent in their infliction of damages.

## II.  **PROCEDURAL BACKGROUND**

The Plaintiff-Appellant submitted a Complaint for Employment Discrimination on

the 17th of December 2017 to the District Court. The Defendant-Appellants moved for Summary Judgment on the 26th of April 2018. The District Court on the 6th of May 2019 granted and denied in part the Defendant-Appellee's appeal.

The Plaintiff-Appellant submitted a Notice of Appeal on the 5th of June 2019. The Plaintiff-Appellant submitted her Brief and Appendix in accordance with Local Rules and FRAP 6, on the 5th of December. The Plaintiff-Appellant's appeal was mandated back to the District Court on the 27th of December 2019 for a final decision. Judge Bolden issued a final decision on the pending motions on the 15th of January (Dkt.#120 District Court).

The Plaintiff-Appellant submitted a Notice of Appeal for the above action on the 31st of January 2020.

### III. <u>NATURE OF APPEAL</u>

This is an interlocutory appeal from Summary Judgment and pending motions that allowed the Plaintiff-Appellant's first count of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e seq, and the Civil Rights Act of 1991, 42 U.S.C. 1981 to proceed. The District Court on the 6th of May, 2019 granted Summary Judgment and dismissed the Plaintiff-Appellants remaining actions of: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq.; (2) Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, et seq.; (3) Connecticut General Statutes Sec. 31-51q. Liability of employer for discharge of employee on account of employee's exercise of certain constitutional rights; (4) Connecticut General Statues Sec. 52-597, libel and slander (per se); (5) Violation of the Fair Labor Standards Act of 1983, ("FLSA") 29 U.S.C. § 203, inclusive of Connecticut General Statutes Sec. 31-57v; (6) Violation of the Employee Retirement Income Security Act of

4 | P a g e

1974, ("ERISA"), codified in part at 29 U.S.C. ch.18; (7) Violation of the National Labor

Relations Act of 1935, ("NLRA"), 29 U.S.C.§ 151-169.; (8) A permanent injunctive order; (9)

Connecticut General Statutes Sec. 31-69a through 31-76k, inclusive of CT. General Statutes

Sec.31- 71f (liability of employer for failure to produce an Employee Handbook), Connecticut

General Statutes Sec. 31-71e (withholding of part of wages) and Connecticut General Statutes

Sec. 31-72 (civil action to collect wage claim); (10) Breach of Contract, 41 U.S. Code 6503,

liability of employer for breaching contract of Employment Agreement and Employer; (11)

Liability of employer for tortious Interference in business relationships.; (12) Liability of

employer for tortious Interference with contracts.; (13) Intention Infliction of Emotional Distress,

(inclusive of liability of employer for violation of Connecticut General Statutes 42-471).; (14)

Violation of the Fair Credit Reporting Act, 16 U.S.C.§ 1681 ("FCRA"); (15) Connecticut

General Statutes Sec. 54-85b, liability of employer for employment protection for witnesses and

victims of crime.; (16) Connecticut General Statutes Sec. 42-471, Invasion of Privacy and (17)

Violation of the Lantham Act, 15 U.S.C.§ 1501 et seq. (Dkt.#46 pg. 1-6)

    The District Court dismissed Defendant-Appellee USI Insurance Services of Connecticut,

Inc. and USI Insurance Services ("USI") as named parties to the above action. The Plaintiff-

Appellant is appealing the dismissal of USI, and the remaining sixteen (16) counts of action

against the Defendant-Appellees, (Dkt.#45-46)

    The Plaintiff-Appellant on the 17th of December 2017 filed her Complaint with

the District Court after receiving a right to sue notice from the Equal Employment Opportunities

Commission, ("EEOC"). (Dkt.#1-7) The Defendant-Appellees were in default twice in District

Court for failure to plead, or otherwise defend against the above action. Both times, the District

Court declined to enter default judgment against the Defendant-Appellees despite the Defendant-Appellees' failure to submit a responsive pleading to any Plaintiff-Appellant's Complaints.

The District Court had a hearing on the motions on the 9th of April 2019. Judge Victor A. Bolden granted and denied in part the Defendant-Appellees' *Motion to Dismiss* (Dkt.#16) on the 6th of May 2019. Plaintiff-Appellant filed a timely *Notice of Interlocutory Appeal* [Appellate Dkt.#1] to the Appellant Court on the 5th of June 2019.

The Plaintiff-Appellant received notice from the Appellate Court on the 17th of June 2019 that her Appeal was unable to move forward while the above motion for *Leave to Proceed In Forma Pauperis* was pending. The Plaintiff-Appellant was instructed to direct the motion to the appropriate judge for determination. (*Notice Re: Pending Motion to Proceed in Forma Pauperis*, June 17, 2019, *Plaintiff-Appellant's Motion in Opposition to Defendant-Appellees' Response to Plaintiff-Appellant's Motion for Permission to File a Late Response* pg.5)

The Plaintiff-Appellant then received notice that her appeal Brief and Appendix were due by the 5th of December 2019. The Plaintiff-Appellant submitted her Brief in accordance with Local Rules and Frap 6. The Appellate Court on 27th of December 2019 issued a Mandate and remanded the Plaintiff-Appellant's appeal back to the District Court for final decision.

Pending in District Court was a motion for Reconsideration of Entry and Motion Default Judgment and Injunction,(Dkt.#84 and #85 District Court) as well as a Motion to Reconsider Dismissal of USI from the above action. The District Court on the 15th of January submitted final judgment on the pending motions. The Order and Ruling on the Pending Motions (Dkt.#120 District Court) denied the Plaintiff-Appellant's pending motions (Dkt.#84 and #85 District Court). The Plaintiff-Appellant filed Notice of Appeal on the 31st of January 2020.

Per Federal Rule of Civil Procedure 60(b)(6) the Plaintiff-Appellant is respectfully requesting that this Court reopen the above appeal per the Plaintiff-Appellant's Motion to Recall the Mandate. Rule 60(b)(6), allows a recall of final judgment for "any other reason that justifies relief." Rule 60(b)(6) provides the Appellate Court a "grand reservoir of equitable power to do justice in a particular case."

Recall of the Mandate is warranted when there are "grave, unforeseen contingencies" or a miscarriage of justice that warrants the extraordinary relief the Plaintiff-Appellant is seeking. See *Calderon v. Thompson*, 523 U.S. 538, 550 (1998) This Court has recognized that "[its] power to recall a mandate is unquestioned." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996); see also *Calderon v. Thompson*, 523 U.S. 538, 549-550 (1998) (recognizing that courts of appeals "have the inherent power to recall their mandates"). Where Supreme Court review is no longer available and the court of appeals judgment has become final, that power must be "exercised sparingly" and is "reserved for exceptional circumstances." *Sargent*, 75 F.3d at 89 (citations omitted). In those circumstances, "[t]he reasons for parsimony in the exercise of our power to recall a mandate is the need to preserve finality in judicial proceedings." Ibid. Here, however, the time for filing a certiorari petition has not expired, and this Court's judgment therefore is not final in that sense.

In light of the Plaintiff-Appellant's submission of her appeal, which has shown good cause, as well as the pendency of legislation to address the precise issue in this case, Recall of the Mandate is warranted.

## IV.    ISSUES OF THE APPEAL

The Plaintiff-Appellant submits the following preliminary issues of the above appeal. The Plaintiff-Appellant reserves the right to modify: (1) whether there are errors in fact, procedure, or law that warrant an Appeal; (2) whether per the Federal Rules of Civil Procedure 55(a) the Defendant-Appellees' are in Default in the above action, thus warranting an Appeal; (3) whether the District Court misapplied the Motion to Dismiss Standard in Dismissing the Plaintiff-Appellant's Amended Complaints; (4) Whether the District Court erred in the dismissal of Defendant-Appellee USI as a named Defendant to the above action; (5) whether the sanctionable actions of the Defendant-Appellees give rise to a Right to Appeal and (6) whether the Plaintiff-Appellant has been prejudiced by the actions of the District Court and the Defendant-Appellees, which warrants the Plaintiff-Appellant an Appeal.

## V.    CONCLUSION

Wherefore, the Plaintiff-Appellant submits the above Nature of Appeal to Recall the Mandate per final decision of the District Court that was entered on the 15th of January 2020. (Dkt.#120 District Court)

Respectfully Submitted,

_____

Jane Doe

## CERTIFICATION

The undersigned self-represented party certifies that pursuant to P.B 66-3, the above *Nature of Appeal* in is in typeface 12 point and complies with all other format provisions of the Connecticut Practice Book. The under-signed self-represented party further certifies that the foregoing was delivered postage pre-paid on this 1st day of February 2020 to:


Marc Zaken  Ogletree
Kelly Cardin
Deakins, Nash, Smoak & Stewart, P.C.
Two Stamford Plaza
281 Tressor Boulevard  Suite 602
Stamford, CT 06901

Respectfully,

_____

Jane Doe
PO Box 8011
Stamford, CT 06905
Jdoe90491@gmail.com